IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 03 C 8097 |
| | ) | |
| Plaintiff, | ) | Appeal No. 04-1116 |
| | ) | (On limited remand) |
| v. | ) | |
| | ) | |
| PETER N. FERNANDEZ, JR., | ) | No. 97 CR 835-2 |
| | ) | Judge Ruben Castillo |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the instructions of the Court of Appeals, this opinion sets forth the reasons for this Court's previous denial of Defendant's claims 2, 5, 8, 9, 10, 11 and 17(1) in his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

In his petition, Defendant asks this Court to vacate, set aside, or correct his sentence, alleging that he was denied effective assistance of trial and appellate counsel in violation of the Sixth Amendment, among other claims. Each of Defendant's claims are without merit.

### RELEVANT STANDARDS

In order for a defendant to obtain relief under § 2255, he must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Therefore, relief is appropriate only for "'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'"

*Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

"A motion under § 2255 must set forth facts showing the basis for the relief which is asked, and in the absence of such a showing the petition may be denied without a hearing." *Walker v. United States,* 218 F.2d 80, 81 (7th Cir. 1955). In order for an evidentiary hearing to be warranted, "'the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.'" *Galbraith v. United States,* 313 F.3d 1001, 1009 (7th Cir. 2002) (quoting *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir. 1996)).

## ANALYSIS

This opinion will address each of the Defendant's remaining claims.

### I. Claim 2

In the first part of Claim 2 of his motion, Defendant contends that he was deprived of his constitutional right to confront witnesses against him, asserting that the government failed to identify unnamed persons described in the indictment against him. This claim is without merit. Defendant's counsel, along with counsel for the other two defendants, had the opportunity to cross-examine all witnesses who testified at trial, all of whom were fully identified. Defendant was convicted on the basis of the evidence presented in court, namely, testimony and exhibits properly admitted. Defendant was not convicted based on allegations made anonymously, nor were such allegations presented to the jury. In short, Defendant was never deprived of the right to confront witnesses.

Within Claim 2 Defendant complains that he received ineffective assistance of counsel because his and his co-defendants' counsel refused to cross-examine witnesses, refused to call witnesses, failed to investigate the case, and failed to object to inadmissible evidence. After the Court of Appeals remanded this case for further proceedings, the government filed a response with an affidavit from Defendant's counsel. The affidavit of experienced defense counsel Paul A. Wagner, who represented Defendant at trial, details that he personally participated in 17 witness interviews in preparation for trial, and he notes that others on the defense team, including three investigators and two other very experienced criminal defense lawyers, conducted interviews and shared the results. Mr. Wagner also notes that decisions not to call witnesses were made jointly by the defendants and their attorneys. In addition, all three defendants testified at trial, each giving accounts that differed irreconcilably with other testimony in the case. The jury chose not to believe the defendants' accounts, which was reasonable in light of the overwhelming evidence of guilt.

To make out a successful ineffective assistance of counsel claim, a defendant must demonstrate that: 1) his counsel's performance fell below an objective standard of reasonableness; and 2) the deficient performance so prejudiced his defense that it deprived him of a fair trial. *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984)). The defendant must direct the court to the specific acts or omissions which form the basis of his claim, and the court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance. *Id.* (quoting *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). "'[B]ecause counsel is presumed effective, a defendant bears a heavy burden in making

out a winning claim based on ineffective assistance of counsel.'" *Id.* (quoting *Trevino*, 60 F.3d at 338).

Defendant has totally failed to meet his burden. His attorney acted reasonably and effectively throughout trial, ultimately assisting in sparing Defendant from a sentence under the then-mandatory Guidelines that would have been much higher than the sentence Defendant received. The trial record shows that Defendant was not deprived of a fair trial. His counsel did an effective job of challenging the evidence against Defendant, but the evidence of Defendant's guilt, which Defendant fails to acknowledge, was too overwhelming for any attorney to overcome.

## II. Claim 5

In this fifth claim, Defendant complains that reports of witness interviews prepared by the FBI (the "302s") all contained incorrect statements. Defendant was not convicted based on information in 302s, but rather based on testimony from the witness stand. Errors in 302s do not rise to the level of constitutional violations demonstrating a miscarriage of justice. Accordingly, this complaint lacks merit.

Defendant also complains that the Government did not provide a copy of a 302 of witness Paul Gellert. Defendant offers no explanation as to what he believes was in the 302 or why this alleged discovery error supports relief under § 2255. Moreover, as Mr. Wagner's affidavit shows, Mr. Wagner personally interviewed Mr. Gellert and therefore knew what Mr. Gellert's testimony would be. This claim demonstrates no constitutional error.

### III. Claim 8

Defendant argues in his eighth claim that his counsel was ineffective for failing to call witnesses. However, as detailed in Mr. Wagner's affidavit, the defense interviewed many witnesses, and decisions not to call witnesses were made jointly. In light of the overwhelming evidence of Defendant's guilt, it is clear that no witnesses could have testified truthfully and have swayed the jury in Defendant's favor. As stated above, Defendant was effectively represented by a very talented and experienced defense attorney who, in addition to three investigators, had the assistance of the two talented and experienced attorneys who represented the co-defendants. Defendant was not denied his right to effective assistance of counsel – indeed, he enjoyed the benefit of a significantly lower sentence due to his counsel's effective advocacy for a rare downward departure from the Guidelines, and he foolishly rejected his counsel's sound advice to accept a plea agreement that would have resulted in a much lower sentence. Therefore, this claim was rejected.

### IV. Claim 9

In his ninth claim, Defendant states that the Government told the jury that co-defendant Getty "had hired the architect," when the Village Board had voted to hire the architect. The Government's position at trial was that Getty arranged for Defendant and his company to be retained as the Village Architect, regardless of who cast the ultimate vote. Regardless, the jury was informed that the Village Board voted on the issue. Tr. 274-75, 1152-53, 1681. The defendant fails to show how this complaint supports relief under § 2255. No constitutional error is alleged, and whether Getty, as the village's mayor, or the Village Board hired Defendant would not affect the outcome of this trial. Accordingly, Defendant's ninth argument was rejected.

## V.     Claim 10

In his tenth claim, Defendant notes that the Government asserted at trial that Defendant was not a licensed architect (a fact he apparently does not dispute). Defendant however argues that he "provided much of the field supervision," while a colleague supervised all architectural drawings.

Defendant does not explain how his field supervisor or his colleague's role supports § 2255 relief, and nothing in this claim suggests that the verdicts against him should be vacated. Defendant was convicted after the Government presented overwhelming evidence that he participated in a scheme to defraud Lyons by rigging bids for construction projects. Nothing about his colleague's role concerning architectural drawings diminishes the weight of the evidence of Defendant's guilt. Accordingly, this argument was also rejected.

## VI.     Claim 11

Defendant next complains about defense counsel Michael Mason (who did not represent Defendant) whom he claims failed to demonstrate at trial that there were 62 "official meetings" during the construction at issue in this case, even though the government asserted that Defendant and co-defendant Getty attempted to keep information from the public. Regardless of the number of meetings, the government presented overwhelming evidence that Defendant and co-defendant Getty rigged the bids that led to the construction. Defendant does not assert that anything in those meetings would have undermined that overwhelming evidence. Defendant cannot show that he was deprived of the effective assistance of counsel as a result of alleged errors by counsel that did not represent him. Claim 11 is therefore without merit.

## VII. Claim 17(1)

In his seventeenth claim, (Defendant's motion contains two sections labeled "Ground Seventeen"), Defendant disputes the Court's determination on forfeiture, alleging, as he has repeatedly, that Lyons did not lose money. Defendant does not allege that the forfeiture determination was a result of ineffective assistance of counsel or was otherwise in violation of his constitutional rights, therefore, § 2255 affords him no relief. Defendant's challenge to the forfeiture amount could have been raised on direct appeal and was not. It is therefore waived. *Dawson v. United States*, 77 F.3d 180, 183 (7th Cir. 1996).

## CONCLUSION

For all of the reasons set forth above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence will remain denied.

ENTERED: _____
Judge Ruben Castillo
United States District Court

DATED: August 18, 2005